C. F. HART v. STATE.

198 So. 119
En Banc
Opinion Filed September 20, 1940
Rehearing Denied November 4, 1940

*Alfred T. Airth* and *R. C. Horne,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

BUFORD, J.—This case is before us on motion to dismiss appeal from a judgment of conviction in the Circuit Court of the Third Judicial Circuit of Florida, in and for Taylor

County, on an information filed on September 25, 1939, charging the offense to have been committed on July 9, 1939. The judgment of conviction was entered on October 12, 1939, and notice of appeal was entered on the same date.

The motion to dismiss is grounded upon the contention that appeal did not lie in this case because the prosecution was instituted in the lower court prior to 12:01 o'clock A. M., October 10, 1939, and Section 321 of Chapter 19554, Acts of 1939, being Section 8663 (334), 1940, Compiled General Laws, Permanent Supplement provides:

"Effective Date. This law shall be in force and effect on and after 12:01 o'clock A. M., October 10th, 1939, and shall govern the procedure in all criminal cases commenced or instituted on and after said time."

The above quoted section must be read in connection with Section 280 and 284 of the Act, being Sections 8663 (290) and 8663 (294) C. G. L. Perm. Sup. 1940, which provide:

"8663 (290). Appeal only method of review.—Hereafter the only method of reviewing the proceedings in a prosecution by indictment or information shall be by appeal. Writs of error as methods of review in criminal causes and writs of certiorari *ad audendum* are hereby abolished."

"8663 (294). Appeal as matter of right.—All appeals provided for in this Chapter may be taken as a matter of right."

From the quoted provisions of the statute we find that the Act was made effective on and after the 10th day of October, 1939, and from the effective date of the Act writs of error were abolished and that thereafter the method of review was prescribed to be by appeal only.

Our construction of Section 321 of the Act, Section 8663 (334), Perm. Supp., is that the words "commenced or in-

stituted" refer to the word "procedure" and that the words "in criminal cases" limit the word "procedure." In other words, the quoted provision of the statute means the same as if it had read: "This law shall be in force and effect on and after 12:01 o'clock A. M., October 10th, 1939, and in all criminal cases shall govern the procedure commenced or instituted on or after said time."

Appeal in a criminal case is procedure by which the jurisdiction of the cause is transferred from the trial court to the appellate court for trial not of the original issues in the lower court but for trial of the alleged errors of the trial court.

Therefore, when the notice of appeal is entered that is the institution or commencement of procedure for review in the Supreme Court.

It, therefore, follows that as the notice of appeal was entered subsequent to the effective date of the statute, the procedure on appeal is governed by the provisions of the statute.

The procedure to bring the judgment of the Circuit Court of Taylor County for review in the Supreme Court was instituted and commenced after the effective date of the statute.

It, therefore, follows that the appeal as provided by the statute was the proper procedure and the motion to dismiss should be denied.

It is so ordered.

Denied.

TERRELL, C. J., WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.